# UNITED STATES DISTRICT COURT

for

District of Guam

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender:  **Jaime Lee**                                    Case Number:  **CR 04-00040-001**

Name of Sentencing Judicial Officer:          Honorable Ronald S.W. Lew, Designated Judge

Date of Original Sentence:          March 15, 2005

Original Offense:          Count I: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count II: Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2.

Original Sentence:          41-month term of imprisonment, followed by a three-year term of supervised release with conditions that she not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm or other dangerous weapon; submit to the collection of a DNA sample; comply with the standard conditions of supervision; refrain from the use of any alcohol during her term of supervised release; participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; perform 200 hours of community service; and pay a $200 special assessment fee.

Type of Supervision:   Supervised Release          Date Supervision Commenced:          April 3, 2007

## PETITIONING THE COURT

☐          To extend the term of supervision for          years, for a total term of          years.

☒          To modify the conditions of supervision as follows:

1.          The defendant shall refrain from any unlawful use of a controlled substance. Shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On April 3, 2007, Jamie Lee began her term of supervised release in the District of Hawaii. On June 10, 2008, this Officer received a formal request from U.S. Probation Officer, Lisa K.T. Jicha, to modify Ms. Lee's conditions to include the United States v. Stephens mandatory drug testing condition.

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5)  probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests.  The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.  To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Ms. Lee's history of drug use, and the drug detection period of her drug of choice.  As methamphetamine is her drug of choice, and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight.   This will allow for adequate time intervals between tests which will help facilitate the detection of use.  It also provides for enough additional tests so that the pattern of testing will not be predictable to Ms. Lee.  To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Ms. Lee must submit.  It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance.  Shall submit to one drug test within 15 days of the commencement of supervision and at least two periodic drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition)."

According to U.S. Probation Officer Jicha, Ms. Lee has generally complied with supervised release conditions.  She has tested consistently negative on 31 drug tests to date, completed her drug aftercare program without incident, and paid her $200 special assessment fee on March 14, 2005.  In addition, Ms. Lee has maintained full time employment and has been living in a stable home environment.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above.  Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Lee's consent to the modification.

Reviewed by:

/s/ CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date:    June 20, 2008

Respectfully submitted,

by:    /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer

Date:    June 20, 2008

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other    Issuance of a:    ☐ Summons    ☐ Warrant

/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Jun 27, 2008