# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAIMEE LEE,<br><br>　　　　Defendant. | Criminal Case No. 04-00040-001<br><br>**ORDER** |

The court is in receipt of an Ex Parte Petition for Modification of Supervised Release ("the Petition") from Defendant Jaimee Lee, proceeding *pro se* in this case. Defendant was sentenced to 41 months of imprisonment, which she served. She began her term of supervised release on April 3, 2007in the District of Hawaii. *See* Docket No. 43. The Petition cites 18 U.S.C. § 3583(e)(1) and although not precisely articulated, it appears that Defendant requests the termination of her supervised release.

Early termination is of supervised release is provided for by 18 U.S.C. § 3583(e)(1), which states in relevant part:

> The court may, after considering the factors set forth in section 3553(a)((1), (a)(2)(B), (a)(2)(C), (a)(2(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
>
> 　(1)　terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that the action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Rule 32.1 of the Federal Rules of Criminal Procedure, which governs the modification of probation and supervised release, states in relevant part:

> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>
> (2) Exceptions. A hearing is not required if:
>
> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Crim. P. 32.1(c).

Modification of supervised release is typically initiated by the Probation Office responsible for supervising the defendant. Ordinarily, the Probation Officer files a Report for Modifying the Conditions or Term of Supervision with Consent of Offender, together with a Waiver of Hearing executed by the defendant. Indeed, in June 2008, U.S. Probation Officer Lisa K.T. Jicha of the District of Hawaii sent a formal request to the District of Guam U.S. Probation Office, requesting modification of the Defendant's supervised release conditions, which resulted in the District of Guam Probation Office filing a Report for Modifying the Conditions or Term of Supervision with Consent of Offender. *See* Docket No. 43. This court subsequently modified the terms of the Defendant's supervision. *See* Docket No. 44.

The Defendant currently resides in Honolulu, Hawaii, and the District of Hawaii Probation Office is in the better position to determine the Defendant's compliance with supervised release conditions.[1] However, nothing in the record indicates that the District of

---

[1] It should be recognized that according to the District of Hawaii Probation Officer Lisa K.T. Jicha, the Defendant has generally complied with her supervised conditions as of June 2008. *See* Docket No. 43. The Defendant had consistently tested negative drug tests, completed her drug aftercare program without incident, paid her $200 special assessment fee, and has maintained full-time employment. *Id.* Furthermore, the Defendant states that she is a full-time employee of American Window Cleaning, and a part-time student at Leeward Community College. She also states that she has completed 250 community service hours in her first year of release.

Hawaii Probation Office made a formal request that the District of Guam Probation Office seek early termination of the Defendant's supervised release.

Accordingly, the District of Guam Probation Office **SHALL HEREBY** consult with the District of Hawaii Probation Office to determine whether this court should consider the early termination of the Defendant's supervised release as provided by 18 U.S.C. § 3583(e)(1). The Probation Officer for the District of Guam shall then file a status report, which states the position of the District of Hawaii as to early termination of the Defendant's case. If the District of Hawaii Probation Office agrees to an early termination, this Court shall so enter an order granting the request.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Mar 16, 2009**